UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHANNON D DOWLING,

Plaintiff,

v.

Case No. 26-cv-2095-bhl

FRANK BISIGNANO,

Defendant.

---

**ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

On November 11, 2026, Shannon Dowling filed a complaint against the Commissioner of the Social Security Administration, seeking judicial review of a final decision denying Plaintiff's application for disability benefits. (ECF No. 1.) Dowling has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), which is now before the Court for resolution. (ECF No. 3.)

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Dowling submitted a signed affidavit identifying his assets and financial obligations. (ECF No. 3.) He is unemployed, married, and supports two dependents. (*Id.* at 1.) The affidavit does not specify the amount he contributes to supporting his dependents but indicates they live in his home. (*Id.*) Dowling further reports that he supports his adult daughter due to psychological issues and treatment needs that prevent her from working. (*Id.* at 4.)

In terms of income, Dowling reports that he receives $1,137.47 in monthly social security benefits. (*Id.* at 2.) He further reports that his spouse has a total monthly income of $850. (*Id.* at 2.) Against this income, Dowling reports a number of expenses. His monthly rent is $539. (*Id.*) He has other monthly household expenses of $950. (*Id.*) His total monthly expenses thus total $1,489. (*Id.*)

Dowling also reports owning a 2002 Toyota Highlander valued at $1,300 and having $300 in available savings. (*Id.* at 3.) Dowling has also requested the Court consider outstanding debt Dowling incurred prior to his injury. (*Id.* at 4.)

This is a close call. According to Dowling's submission, his monthly reported household income exceeds his monthly reported household expenses by almost $500 ($1,987.47- $1,489.00 = $498.47). And, while he does not have substantial assets, he owns his car and has money in savings. On these facts, the Court will deny Dowling's IFP motion because he is not indigent. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). As the Seventh Circuit has explained, "[l]itigation is not a free good," and payment causes the "plaintiff to think about the case and not just file reflexively." *See Lumbert v. Ill. Dep't of Corrs.*, 827 F.2d 257, 259 (7th Cir. 1987). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Dowling's monthly household income exceeds his expenses by almost $500, which is sufficient to cover the fee.

If Dowling wishes to proceed with a federal lawsuit, he must use his available financial resources to pay the filing fee. The Court will give Dowling **thirty (30) days** from the date of this Order to pay the filing fee. If he does not pay, his case will be dismissed without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Dowling's motion to proceed IFP, ECF No. 3, is **DENIED**. Dowling has until **December 18, 2026** to pay the filing fee. If Dowling does not pay the filing fee, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on November 18, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge